

# Exhibit A

| SUMMONS - CIVIL<br>JD-CV-1 Rev. 10-15<br>C.G.S. §§ 51-346, 51-347, 51-349, 51-350, 52-45a,<br>52-48, 52-259, P.B. §§ 3-1 through 3-21, 8-1, 10-13<br>**See other side for instructions** | STATE OF CONNECTICUT <br>**SUPERIOR COURT**<br>www.jud.ct.gov |

☐ "X" if amount, legal interest or property in demand, not including interest and costs is less than $2,500.
☒ "X" if amount, legal interest or property in demand, not including interest and costs is $2,500 or more.
☐ "X" if claiming other relief in addition to or in lieu of money or damages.

TO: Any proper officer; BY AUTHORITY OF THE STATE OF CONNECTICUT, you are hereby commanded to make due and legal service of this Summons and attached Complaint.

| Address of court clerk where writ and other papers shall be filed (Number, street, town and zip code) (C.G.S. §§ 51-346, 51-350)<br>235 Church Street, New Haven, CT 06510 | Telephone number of clerk (with area code)<br>( 203 ) 503-6800 | Return Date (Must be a Tuesday)<br>May  31 , 2 022 |
|---|---|---|
| ☒ Judicial District  ☐ G.A. Number:<br>☐ Housing Session | At (Town in which writ is returnable) (C.G.S. §§ 51-346, 51-349)<br>New Haven | Case type code (See list on page 2)<br>Major: M   Minor: 90 |

**For the Plaintiff(s) please enter the appearance of:**

| Name and address of attorney, law firm or plaintiff if self-represented (Number, street, town and zip code)<br>Cicchiello & Cicchiello, LLP, 364 Franklin Avenue, Hartford, CT 06114 | Juris number (to be entered by attorney only)<br>419987 |
|---|---|
| Telephone number (with area code)<br>( 860 ) 296-3457 | Signature of Plaintiff (If self-represented) |

| The attorney or law firm appearing for the plaintiff, or the plaintiff if self-represented, agrees to accept papers (service) electronically in this case under Section 10-13 of the Connecticut Practice Book. | ☒ Yes ☐ No | Email address for delivery of papers under Section 10-13 (if agreed to)<br>mreilly@cicchielloesq.com |

Number of Plaintiffs: 1    Number of Defendants: 1    ☐ Form JD-CV-2 attached for additional parties

| Parties | Name (Last, First, Middle Initial) and Address of Each party (Number; Street; P.O. Box; Town; State; Zip; Country, if not USA) | |
|---|---|---|
| First Plaintiff | Name: Victoria Stanberry<br>Address: 160 Franklin Street, Meriden, CT 06450 | P-01 |
| Additional Plaintiff | Name:<br>Address: | P-02 |
| First Defendant | Name: JB Hunt Transport, Inc.<br>Address: 615 J B Hunt Corporate drive, Lowell, AR 72745 | D-01 |
| Additional Defendant | Name: Agent: Corporation Service Company<br>Address: 225 Asylum Street, 20th floor, Hartford, CT 06103 | D-02 |
| Additional Defendant | Name:<br>Address: | D-03 |
| Additional Defendant | Name:<br>Address: | D-04 |

## Notice to Each Defendant

1. **YOU ARE BEING SUED.** This paper is a Summons in a lawsuit. The complaint attached to these papers states the claims that each plaintiff is making against you in this lawsuit.
2. To be notified of further proceedings, you or your attorney must file a form called an "Appearance" with the clerk of the above-named Court at the above Court address on or before the second day after the above Return Date. The Return Date is not a hearing date. You do not have to come to court on the Return Date unless you receive a separate notice telling you to come to court.
3. If you or your attorney do not file a written "Appearance" form on time, a judgment may be entered against you by default. The "Appearance" form may be obtained at the Court address above or at www.jud.ct.gov under "Court Forms."
4. If you believe that you have insurance that may cover the claim that is being made against you in this lawsuit, you should immediately contact your insurance representative. Other action you may have to take is described in the Connecticut Practice Book which may be found in a superior court law library or on-line at www.jud.ct.gov under "Court Rules."
5. If you have questions about the Summons and Complaint, you should talk to an attorney quickly. **The Clerk of Court is not allowed to give advice on legal questions.**

| Signed (Sign and "X" proper box)<br>[signature] | ☒ Commissioner of the Superior Court<br>☐ Assistant Clerk | Name of Person Signing at Left<br>Michael J. Reilly | Date signed<br>5/5/2022 |
|---|---|---|---|

If this Summons is signed by a Clerk:
a. The signing has been done so that the Plaintiff(s) will not be denied access to the courts.
b. It is the responsibility of the Plaintiff(s) to see that service is made in the manner provided by law.
c. The Clerk is not permitted to give any legal advice in connection with any lawsuit.
d. The Clerk signing this Summons at the request of the Plaintiff(s) is not responsible in any way for any errors or omissions in the Summons, any allegations contained in the Complaint, or the service of the Summons or Complaint.

For Court Use Only
File Date
A TRUE COPY ATTEST
KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

| I certify I have read and understand the above: | Signed (Self-Represented Plaintiff) | Date | Docket Number |
|---|---|---|---|

(Page 1 of 2)

## Instructions

1. Type or print legibly; sign summons.
2. Prepare or photocopy a summons for each defendant.
3. Attach the original summons to the original complaint, and attach a copy of the summons to each copy of the complaint. Also, if there are more than 2 plaintiffs or more than 4 defendants prepare form JD-CV-2 and attach it to the original and all copies of the complaint.
4. After service has been made by a proper officer, file original papers and officer's return with the clerk of court.
5. Do not use this form for the following actions:

   (a) Family matters (for example divorce, child support, custody, paternity, and visitation matters).
   (b) Summary process actions.
   (c) Applications for change of name.
   (d) Probate appeals.
   (e) Administrative appeals.
   (f) Proceedings pertaining to arbitration.
   (g) Any actions or proceedings in which an attachment, garnishment or replevy is sought.

### ADA NOTICE

The Judicial Branch of the State of Connecticut complies with the Americans with Disabilities Act (ADA). If you need a reasonable accommodation in accordance with the ADA, contact a court clerk or an ADA contact person listed at www.jud.ct.gov/ADA.

## Case Type Codes

| Major Description | Codes Major/Minor | Minor Description |
|---|---|---|
| Contracts | C 00 | Construction - All other |
| | C 10 | Construction - State and Local |
| | C 20 | Insurance Policy |
| | C 30 | Specific Performance |
| | C 40 | Collections |
| | C 90 | All other |
| Eminent Domain | E 00 | State Highway Condemnation |
| | E 10 | Redevelopment Condemnation |
| | E 20 | Other State or Municipal Agencies |
| | E 30 | Public Utilities & Gas Transmission Companies |
| | E 90 | All other |
| Miscellaneous | M 00 | Injunction |
| | M 10 | Receivership |
| | M 20 | Mandamus |
| | M 30 | Habeas Corpus (extradition, release from Penal Institution) |
| | M 40 | Arbitration |
| | M 50 | Declaratory Judgment |
| | M 63 | Bar Discipline |
| | M 66 | Department of Labor Unemployment Compensation Enforcement |
| | M 68 | Bar Discipline - Inactive Status |
| | M 70 | Municipal Ordinance and Regulation Enforcement |
| | M 80 | Foreign Civil Judgments - C.G.S. 52-604 & C.G.S. 50a-30 |
| | M 83 | Small Claims Transfer to Regular Docket |
| | M 84 | Foreign Protective Order |
| | M 90 | All other |
| Property | P 00 | Foreclosure |
| | P 10 | Partition |
| | P 20 | Quiet Title/Discharge of Mortgage or Lien |
| | P 30 | Asset Forfeiture |
| | P 90 | All other |

| Major Description | Codes Major/Minor | Minor Description |
|---|---|---|
| Torts (Other than Vehicular) | T 02 | Defective Premises - Private - Snow or Ice |
| | T 03 | Defective Premises - Private - Other |
| | T 11 | Defective Premises - Public - Snow or Ice |
| | T 12 | Defective Premises - Public - Other |
| | T 20 | Products Liability - Other than Vehicular |
| | T 28 | Malpractice - Medical |
| | T 29 | Malpractice - Legal |
| | T 30 | Malpractice - All other |
| | T 40 | Assault and Battery |
| | T 50 | Defamation |
| | T 61 | Animals - Dog |
| | T 69 | Animals - Other |
| | T 70 | False Arrest |
| | T 71 | Fire Damage |
| | T 90 | All other |
| Vehicular Torts | V 01 | Motor Vehicles* - Driver and/or Passenger(s) vs. Driver(s) |
| | V 04 | Motor Vehicles* - Pedestrian vs. Driver |
| | V 05 | Motor Vehicles* - Property Damage only |
| | V 06 | Motor Vehicle* - Products Liability Including Warranty |
| | V 09 | Motor Vehicle* - All other |
| | V 10 | Boats |
| | V 20 | Airplanes |
| | V 30 | Railroads |
| | V 40 | Snowmobiles |
| | V 90 | All other |
| | | *Motor Vehicles include cars, trucks, motorcycles, and motor scooters. |
| Wills, Estates and Trusts | W 10 | Construction of Wills and Trusts |
| | W 90 | All other |

JD-CV-1 Rev. 10-15 (Back/Page 2)

| | |
|---|---|
| RETURN DATE: MAY 31, 2022 | SUPERIOR COURT |
| VICTORIA STANBERRY | J.D. OF NEW HAVEN |
| VS. | AT MERIDEN |
| JB HUNT TRANSPORT, INC. | MAY 5, 2022 |

## COMPLAINT

1.  The Plaintiff in this matter, Victoria Stanberry ("Plaintiff"), was at all times relevant to this Action a resident of the City of Meriden, State of Connecticut.

2.  The Defendant, JB Hunt Transport, Inc., is a foreign corporation organized under the laws of the State of Georgia, with a business address of 345 Old Gate Lane, Milford, Connecticut 06460.

3.  Plaintiff filed a timely administrative complaint against Defendant with the Connecticut Commission on Human Rights and Opportunities, and thereafter received a release of jurisdiction letter therefrom, a copy of which is appended hereto as <u>Exhibit 1</u>. This Action is brought within 90 days of receipt of said release of jurisdiction letter. As such, Plaintiff has exhausted all administrative remedies, and this Action is timely.

4.  The Plaintiff is a female.

5.  Plaintiff was hired by the Defendant in or around December 30, 2019, as a truck driver.

6.  In or around April 2020, Plaintiff was assigned to drive to a Costco in New Jersey for an assignment.

7.  The dispatcher at this location was Nick.

8.  Nick said to Plaintiff that he liked black women and asked Plaintiff if she was into white men. Plaintiff told Nick that they could be friends, but these comments are inappropriate and could cause him to lose his job.

1

9. Nick was not deterred, instead he became more aggressive towards Plaintiff.

10. By way of example, Nick began asking Plaintiff for nude pictures and would send Plaintiff pictures and videos of himself naked and touching himself while saying Plaintiff's name.

11. Plaintiff immediately reported this to her supervisor, Rhamadees, to which his only response was for Plaintiff to change her phone number.

12. Plaintiff then contacted human resources to report the sexual harassment, as well as, her manager's unwillingness to help.

13. Plaintiff was instructed to contact Rahmadees' supervisor, Andrew S. Plaintiff called Andrew but never heard back from him.

14. Other drivers were aware of what Plaintiff was experiencing and gave Plaintiff the number of Nick Bernard, who serves as a higher administrator and manager for the Defendant.

15. After speaking with Mr. Bernard and supplying him with documentation of the sexual harassment, Plaintiff was then transferred to Defendant's location in Milford, Connecticut.

16. After being transferred to Milford, Plaintiff was supposed to be paid $1,500.00 per week but was receiving $1,200.00 instead.

17. Plaintiff raised this issue to Andrew S. who directed her to speak with Kyle, the manager of the Milford location.

18. Plaintiff spoke with Kyle, who said this was a mistake and that he would fix it. However, this issue was never rectified, even after Plaintiff continued to complain to Kyle about the missing money from her paycheck.

19. When Kyle did not fix Plaintiff's pay or give her backpay, she again asked Andrew about the issue.

20. After speaking with Andrew, Kyle took Plaintiff off yard duty and gave it to a male co-worker in or around August or September of 2020.

21. Plaintiff was paid $45.00 a day to do yard duty while the male co-worker that replaced her was paid $150.00 a day.

22. This difference in pay was because Plaintiff is a woman.

23. While completing her assignment at the Massachusetts location, Plaintiff was subjected to sexual harassment by two dispatchers, Matt and Dave, beginning in or around November or December of 2020.

24. Both Matt and Dave made comments to Plaintiff about how they liked black girls.

25. Dave made comments to Plaintiff about wanting a black baby. Other drivers overheard his comment and were uncomfortable and upset.

26. Every time Plaintiff approached the dispatch window, Matt would make sexually suggestive comments towards her. When Plaintiff would deny his advances or ask him not to speak to her that way, Matt would yell and berate the Plaintiff, cursing at her in front of others.

27. In or around November or December of 2020, Plaintiff reported this behavior to the manager, Jeff. Plaintiff told Jeff about the comments from both Matt and Dave, and

3

that Matt would deny Plaintiff work or give her trucks aways when she denied his advances.

28. Jeff's only response to Plaintiff was to laugh and say, "it's because he likes you."

29. After complaining to Jeff, the treatment from Dave lessened, but the harassment by Matt increased.

30. Matt began harassing Plaintiff more often by following her in to the yard, as well as physically getting in the trucks or trailers while Plaintiff was in them.

31. At this time, Plaintiff and Matt worked the night shift and it made Plaintiff extremely uncomfortable being in an isolated area in the dark with him. Whenever Matt would try to enter Plaintiff's truck, she would always get out immediately as she felt intimidated and unsafe.

32. Another manager for Defendant's Milford location who worked overnights witnessed the treatment Plaintiff was subjected to by Matt and offered to help her.

33. Matt would also go into Defendant's system and reassign the vehicle Plaintiff had for that day to someone else. The constant reassignment of her trucks resulted in many hours of Plaintiff's day being spent waiting for another truck, which caused Plaintiff to earn less money.

34. In or around November or December of 2020, Plaintiff reported the sexual harassment to Kyle. Kyle instructed her to report it to Jeff. When Plaintiff told him she had reported it to jeff, Kyle said he would take care of it. However, the harassment continued.

35. Kyle attempted to put Plaintiff on a different account that would no longer require her to go to Massachusetts. He also tried to get Plaintiff her own truck so that Matt would not be able to reassign it to others.

36. However, none of this happened as this new manager was let go by the Defendant.

37. In or around December 2020, Plaintiff stopped receiving assignments from the Defendant, and therefore stopped getting paid.

38. Plaintiff went without assignment from the Defendant for approximately two months, which Plaintiff believes Matt and two other co-workers were partially responsible for.

39. Plaintiff was forced to work for another company, Cowan, for one week in December, before filing and collecting unemployment.

40. In or around the end of December 2020, Plaintiff went to the doctor regarding an injury she sustained in October of that year while working for the Defendant. Plaintiff was placed on light duty by her doctor.

41. Plaintiff's doctor also reached out to the Defendant regarding the need for light duty and Workers' Compensation.

42. Defendant then stated Plaintiff needed to return to work in order to receive Workers' Compensation.

43. Plaintiff returned to work with the Defendant on light duty on or around January 21, 2021.

44. When Plaintiff returned to work for the Defendant, she was supposed to be making minimum wage, which was approximately $12.00 an hour at the time. However, Plaintiff was only paid $10.00 an hour.

45. Plaintiff contacted her doctor to get approval to return to regular duty, being as the money the Defendant was paying her at light duty was not enough.

46. Upon returning to regular duty, Kyle told Plaintiff that they were not ready for her to come back full time and told her to sit in the yard.

47. Plaintiff sat in the yard each day without work for three weeks. Plaintiff was not paid at any point during those three weeks.

48. Plaintiff was forced to resign from her employment with the Defendant in or around March 2021 because she was not being paid.

49. Any and all reasons Defendant has proffered for its adverse employment action against Plaintiff are false and/or pretext to mask its unlawful discriminatory intent.

**COUNT ONE:** **RETALIATION IN VIOLATION OF C.G.S. § 31-290a**

50. All preceding allegations are hereby repeated and realleged in this Count as if fully set forth herein.

51. Defendant discriminated against Plaintiff on account of Plaintiff's exercise or attempted exercise of rights under the Workers' Compensation Act.

52. Plaintiff's work injury and concomitant exercise or attempted exercise of rights under the Workers' Compensation Act was a motivating factor in Defendant's decision to terminate Plaintiff.

53. As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has sustained lost wages and benefits of employment, has been deprived of the benefits of

gainful employment into the future, has sustained substantial emotional distress, and has incurred or will incur attorneys' fees and costs.

**COUNT TWO:    SEX DISCRIMINATION – C.G.S. § 46a-60(b)(1)**

54. All preceding allegations are hereby repeated and realleged in this Count as if fully set forth herein.

55. Defendant is an "employer" within the meaning of the Connecticut Fair Employment Practices Act.

56. Defendant discriminated against Plaintiff in the terms and conditions of Plaintiff's employment on account of his/her sex.

57. Defendant subjected Plaintiff to a pervasive and continuing course of discriminatory comments and conduct which had the purpose or effect of substantially interfering with Plaintiff's work performance and/or the creation of an intimidating, hostile, or offensive work environment.

58. Defendant subjected Plaintiff to adverse employment action, motivated by Plaintiff's sex.

59. As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has sustained lost wages and benefits of employment, has been deprived of the benefits of gainful employment into the future, has sustained substantial emotional distress, and has incurred or will incur attorneys' fees and costs.

**COUNT THREE:    SEXUAL HARASSMENT – C.G.S. § 46a-60(b)(8)**

60. All preceding allegations are hereby repeated and realleged in this Count as if fully set forth herein.

61. Defendant is an "employer" within the meaning of the Connecticut Fair Employment Practices Act.

62. Defendant subjected Plaintiff to sexual harassment in one or more of the following ways, in that:

   a. Plaintiff was subjected to unwelcome sexual advances or requests for sexual favors;

   b. Defendant subjected Plaintiff to unsolicited comments or conduct of a sexual nature;

   c. Plaintiff's submission to such conduct was made explicitly or implicitly a term or condition of Plaintiff's employment;

   d. Plaintiff's submission to or rejection of such conduct was used as the basis for Defendant's employment decisions concerning Plaintiff; and/or

   e. Such conduct had the purpose or effect of substantially interfering with Plaintiff's work performance and/or created an intimidating, hostile, or offensive working environment.

63. As a result of Defendant's unlawful conduct, as aforesaid, Plaintiff has sustained lost wages and benefits of employment, has been deprived of the benefits of gainful employment into the future, has sustained substantial emotional distress, and has incurred or will incur attorneys' fees and costs.

**COUNT FOUR:   NONPAYMENT OF WAGES – C.G.S. § 31-72**

64. All preceding allegations are hereby repeated and realleged in this Count as if fully set forth herein.

65. Defendant was Plaintiff's "employer" within the meaning of C.G.S. § 31-58.

66. At all times relevant to this Complaint, Plaintiff was a non-exempt employee of Defendant, and no exceptions to Conn. Gen. Stat. § 31-76c to 31-76j, inclusive, applied

8

to the circumstances of Plaintiff's employment with Defendant. As such, Plaintiff was entitled to be paid at one-and-one-half times his regular hourly rate of pay for all hours worked over 40 hours.

67. Defendant failed to pay Plaintiff all of the wages to which Plaintiff was entitled.

68. As a result of the aforementioned conduct of the Defendant, the Plaintiff has suffered a loss of wages, overtime wages, and other damages.

69. As a further result of aforementioned conduct of the Defendant, the Plaintiff has been forced to incur attorney's fees and costs in order to secure his rights.

70. The Plaintiff claims double wages, costs, and attorney's fees in accordance with Conn. Gen. Stat. § 31-72.

**COUNT FIVE:** **NONPAYMENT OF WAGES – F.L.S.A. 29 U.S.C. § 207(a)(1)**

71. All preceding allegations are hereby repeated and realleged in this Count as if fully set forth herein.

72. Defendant was Plaintiff's "employer" within the meaning of 29 U.S.C. § 203(d).

73. At all times relevant to this Complaint, Plaintiff was a non-exempt employee of Defendant. As such, Plaintiff was entitled to be paid at one-and-one-half times his regular hourly rate of pay for all hours worked over 40 hours.

74. Defendant failed to pay Plaintiff all of the wages to which Plaintiff was entitled.

75. As a result of the aforementioned conduct of the Defendant, the Plaintiff has suffered a loss of wages, overtime wages, and other damages.

76. As a further result of aforementioned conduct of the Defendant, the Plaintiff has been forced to incur attorney's fees and costs in order to secure his rights.

PLAINTIFF,
VICTORIA STANDBERRY

BY: _____
Michael J. Reilly
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
Phone: 860-296-3457
Fax: 860-296-0676
Email: mreilly@cicchielloesq.com

A TRUE COPY ATTEST
KEITH D. MIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

| | |
|---|---|
| RETURN DATE: MAY 31, 2022 | SUPERIOR COURT |
| VICTORIA STANBERRY | J.D. OF ANSONIA-MILFORD |
| VS. | AT MILFORD |
| JB HUNT TRANSPORT, INC. | MAY 5, 2022 |

## PRAYER FOR RELIEF

**WHEREFORE, Plaintiff prays for the following relief:**

1. Money damages;

2. Reinstatement, or in lieu thereof, front pay;

3. Punitive Damages;

4. Liquidated damages;

5. Attorneys' fees and costs of this Action; and

6. All other awardable relief.

PLAINTIFF,
VICTORIA STANDBERRY

BY: _____
Michael J. Reilly
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
Phone: 860-296-3457
Fax: 860-296-0676
Email: mreilly@cicchielloesq.com

A TRUE COPY ATTEST
KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE MARSHAL
INDIFFERENT PERSON

11

| | | |
|---|---|---|
| RETURN DATE: MAY 31, 2022 | : | SUPERIOR COURT |
| VICTORIA STANBERRY | : | J.D. OF ANSONIA-MILFORD |
| VS. | : | AT MILFORD |
| JB HUNT TRANSPORT, INC. | : | MAY 5, 2022 |

## STATEMENT OF AMOUNT IN DEMAND

The amount in demand exceeds $15,000.00, excluding costs and interests.

PLAINTIFF,
VICTORIA STANDBERRY

BY: _____
Michael J. Reilly
Cicchiello & Cicchiello, LLP
364 Franklin Avenue
Hartford, CT 06114
Phone: 860-296-3457
Fax: 860-296-0676
Email: mreilly@cicchielloesq.com

A TRUE COPY ATTEST
_____
KEITH D. NIZIANKIEWICZ
CONNECTICUT STATE
INDIFFERENT PERSON

12

# EXHIBIT 1

STATE OF CONNECTICUT
COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

Victoria Standberry
**COMPLAINANT**

CHRO No. 2230300
EEOC No. 16A202200317

vs.

JB Hunt
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action in accordance with CONN. GEN. STAT. § 46a-100 against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action brought pursuant to this release must be served on the Commission at ROJ@ct.gov or at 450 Columbus Blvd., Suite 2, Hartford, CT 06103 at the same time all other parties are served. Electronic service is preferred. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION PURSUANT TO CONN. GEN. STAT. § 46a-103.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

**DATE:** April 25, 2022

Tanya A. Hughes, Executive Director

Service:
Complainant: standberry31@gmail.com
Complainant's attorney: mreilly@cicchielloesq.com
Respondent: JB Hunt
Respondent's attorney: lalexander@littler.com